SCHAFFER STORES COMPANY, INC., Respondent, *v.* JOHN VOGEL, Appellant.

PER CURIAM. No ruling of the trial court to which objection was taken affected a substantial right of the appellant. (Civ. Prac. Act, § 106.) We think there was no error in the rule of damages adopted by the trial court, but if there was, the evidence of damages, under the rules not disputed, fully justified the verdict; on a new trial a verdict more favorable to the appellant could not be expected. Substantial justice, which is the practical end to be sought, does not require a reversal. Van Kirk, P. J., Hinman, Davis and Hasbrouck, JJ., concur; Hill, J., dissents and votes for reversal on the ground that the case was submitted to the jury on an incorrect rule as to the measure of damages. Judgment and order affirmed, with costs.

In the Matter of the Claim of ROSIE LIBERTUCCI and Another, Appellants, against THE NEW YORK CENTRAL RAILROAD COMPANY, Respondent.

STATE INDUSTIIAL BOARD, Respondent.

Van Kirk, P. J., Hinman and Davis, JJ., concur; Hasbrouck, J., concurs, with a memorandum.

HASBROUCK, J. (concurring). Interpreting the finding of use of the engine in interstate commerce as equivalent to a finding that the engine was engaged in interstate commerce, I vote for affirmance. Hill, J., dissents and votes for reversal on the ground that the presumption which exists by reason of section 21 of the Workmen's Compensation Law, controls, as claimant was engaged in preliminary work on the engine and a later contingency, the arrival of the parcel post package, would determine whether the. train would be engaged in interstate or local commerce (*Carey* v. *N. Y. C. R. R. Co.*, 250 N. Y. 345), and the statement by the conductor that he did not recall a run when the train did not carry an interstate item does not create a preponderance of probability that the train would engage in intetstate commerce as the employer had records to show the fact as to each of previous runs of the train.